**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20030
(Summary Calendar)

JANELLE ANDERSON,

Plaintiff-Appellant,

versus

UNITED STATES ELEVATOR CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-13211)

September 10, 1997
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Janelle Anderson ("Anderson") appeals the district court's grant of summary judgment.

Anderson brought suit against United States Elevator Corporation ("U. S. Elevator") alleging

violations of Title VII, specifically arguing that she was constructively discharged in violation of the

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pregnancy Discrimination Act. Anderson's claim stems from a conversation in which she informed her supervisor, Michael Parker ("Parker") that she was having medical complications.[1] Though disputed, Parker and another employee contend that Anderson stated that the complications prevented her from performing her duties and that she wished to begin her maternity leave immediately.[2] However, when Parker instructed Anderson to call her temporary replacement, Anderson protested stating that she was not ready for maternity leave.[3] Subsequently, Anderson contacted Gary Schuette ("Schuette"), the Regional Vice-President of U.S. Elevator and Parker's supervisor, and Fred Bowen ("Bowen"), U.S. Elevator's Controller and Director of Human Resources, asserting that she was not ready to commence her maternity leave. Schuette spoke with Parker and then informed Anderson that she could return to work immediately. Moreover, Bowen informed Anderson that she could return to work immediately, but if she selected to remain on maternity leave, her medical benefits would continue throughout the leave period. Anderson decided to remain on leave.

On June 30, 1994, after delivering her baby, Anderson wrote Parker a letter stating that she would be available to return to work on July 18, 1994. In response, Parker requested that Anderson meet with him, away from the office, to discuss her return to work. Anderson sent Parker a note stating that she felt it was inappropriate to meet away from the office. Parker attempted to schedule another meeting with Anderson indicating that he would meet her at the location of her choice,

---

[1] Anderson was eight months' pregnant when the events giving rise to this action arose.

[2] Anderson asserts that she requested Parker alter her work schedule to allow her to report to work at a later hour.

[3] Though disputed, Anderson asserts that Parker joked to other employees that she was in need of food donations so that she could feed her family during her leave.

2

however, Anderson did not respond.[4]  Anderson refused to return to work.  Later, Anderson filed a complaint with the EEOC alleging discrimination in violation of the Pregnancy Discrimination Act.  U.S. Elevator filed a motion for summary judgment which was granted by the district court.

After carefully reviewing the briefs and the record, we affirm for the same reasons set forth in the district court's Memorandum and Order.  *See Anderson v. U.S. Elevator Corporation*, No. H-95-CV-1321 (S.D. Tex Dec. 12, 1996).  Specifically, the district court determined that Anderson had failed to raise a genuine issue of material fact in support of her claims of constructive discharge.  The court also noted that the record is void of any evidence that Parker's comments were so outrageous as to compel a reasonable person to resign.  *See McKethan v. Texas Farm Bureau*, 996 F.2d 734, 741 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 694 (1994).[5]  Thus, Anderson has failed to state a claim of constructive discharge in violation of Title VII.

Accordingly, we are satisfied that the district court adequately considered Anderson's arguments and rendered a proper decision, thus, we AFFIRM.

---

[4]  Anderson disputes this contention and argues that Parker insisted that they meet away from the office.

[5]  In fact, Anderson had been informed by two of Parker's superiors that she would have a position upon her return from maternity leave, and testifies that despite Parker's comments, she felt she could return to work.